# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB and
NATIONAL WILDLIFE
FEDERATION,

Plaintiffs,

    v.

LIEUTENANT GENERAL
THOMAS P. BOSTICK, *et al.*,

Defendants.

Case No. 1:13-cv-1239 KBJ

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order has been agreed to by the parties in the above-captioned action.  The Administrative Record in this action contains documents and information that the United States Army Corps of Engineers ("Corps") redacted in its responses to the Sierra Club's Freedom of Information Act ("FOIA") requests.  Defendants assert that the redacted information is protected under the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470, or that it otherwise may implicate the privacy, safety, or commercial interests of the parties or third parties and therefore be deserving of protection from public disclosure.  In order to permit the parties to have access to and full use of the Administrative Record, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and on a finding of good cause, the Court orders as follows:

1. Counsel for Defendants is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release to counsel for the parties confidential, commercial and/or proprietary information, provided that the release of such information is reasonably related to the conduct of and/or issues in this litigation. Without limiting the generality of the foregoing, counsel for Defendants may release to counsel for the parties such information for use in this litigation, including any information covered by the Privacy Act, whether such release is pursuant to discovery or otherwise, and for purposes of this litigation, such information also may be given to, shown to, made available to, discussed with, or otherwise communicated to the persons identified in paragraph 8 below.

      2.      For purposes of this Protective Order, the term "Protected Information" means any and all information so designated by the parties in this case.  Those materials which Defendants anticipate designating as protected include information that has been withheld or redacted by the Corps in its responses to the Sierra Club's FOIA requests for the preconstruction notices submitted by Enbridge related to the Flanagan South pipeline.  The redacted materials include information (such as the locations of cultural artifacts) required to be withheld pursuant to the NHPA; information (such as the specific and detailed coordinates of the planned pipeline) that has been withheld because it is maintained for law enforcement purposes and the release of which may be expected to endanger the life or physical safety of individuals living near the pipeline; and information that has been withheld because it is generally protected from disclosure by law or privilege.  Nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

      3.      By entering into this Protective Order, Plaintiffs do not admit or concede that any of the "Protected Information," including but not limited to the location of cultural artifacts or the detailed coordinates of the pipeline, is entitled to protection under the National Historic Preservation Act, the Freedom of Information Act, or any other law or privilege.

      4.      This Protective Order applies to documents produced by Defendants in the Administrative Record labeled as containing "Protected Information."  The Protective Order does not apply to any documents, or information contained therein, that the parties acquire from other sources regardless of whether those documents contain information that is or would be labeled as "Protected Information" in the Administrative Record.

5. Documents containing Protected Information will be identified in the index to the Administrative Record. Documents containing Protected Information will be omitted from the publicly-filed appendix containing Administrative Record documents to be filed jointly by the parties at the conclusion of summary judgment briefing.

6. No Administrative Record documents containing or otherwise disclosing Protected Information may be disclosed to the public or publicly filed with the Court. Protected Information may only be submitted to the Court as follows: (i) the original signed copy of any filing containing, referring to, or otherwise disclosing Protected Information shall be filed with the Clerk of the Court via ECF, but the Protected Information disclosed therein shall be redacted (and bear the stamp "redacted") so that it does not appear in the filed copy of the filing; and (ii) in accordance with Local Rule 5.1(h), an unredacted copy of the filing shall be filed using electronic means or (if electronic filing is not possible or otherwise appropriate) with the Clerk of the Court in a sealed envelope with the outside marked with the caption of the case, the identity of the submitting party, and the notation "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

7. The parties are hereby granted leave under Local Rule 5.1(h) to file filings under seal as necessary pursuant to this Order.

8. Any party filing under seal pursuant to the provisions of Paragraph 4 will also serve the filing on the other parties via certified mail in a sealed envelope with the outside marked with the caption of the case, the identity of the submitting party, and the notation "DOCUMENTS SUBJECT TO PROTECTIVE ORDER."

9. Except as otherwise ordered here, Administrative Record documents designated as "Protected Information" will be maintained in strict confidence by counsel. Protected Information will not be used by counsel or any other person for any purpose other than the prosecution or defense of this action. Subject to the provisions of Paragraph 7 of this order, Protected Information will not be disclosed to any person except:

> (a) designated legal counsel for a party and the paralegal, secretarial, and clerical employees of designated counsel;
>
> (b) a limited number of designated parties to the extent reasonably deemed necessary by such parties counsel for the conduct of the litigation; and
>
> (c) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Any party disclosing Protected Information to a designated party pursuant to this paragraph will provide the names of the recipients of the Protected Information to the other parties to this action.

10. Nothing in this order will be deemed to restrict any party or its counsel with respect to documents delivered by Defendants as part of the public Administrative Record, which do not contain Protected Information.

11.     Before disclosing Protected Information to any person pursuant to the provisions of Paragraph 7, counsel will require the recipient to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient:  (a) has read this Order and understands all of its terms; (b) agrees to abide by and be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof.  Counsel shall retain such Confidentiality Agreements until this litigation, including all appeals, is concluded.  Counsel are responsible for ensuring that their legal, paralegal, and clerical staff comply with this Order.

12.     The inadvertent or unintended disclosure of Protected Information will not be deemed a waiver in whole or in part of the claim of Confidentiality for that Protected Information.

13.     This Protective Order does not affect or relieve any party's responsibility to comply with any federal, state, or local law or regulation.  Nothing in this Protective Order alters the rights or liabilities of the parties with respect to this action.

14.     This Protective Order governs all proceedings in this action.

15.     The Court will, as appropriate, sanction for violations of this Order counsel, their staff, or any person who obtains access to Protected Information pursuant to this Order.

16. Counsel may apply to the Court for modification of this Order after reviewing the Administrative Record documents designated as "Protected Information." If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

        IT IS SO ORDERED.

_____
Hon. Ketanji Brown Jackson
United States District Judge

# **EXHIBIT A - CONFIDENTIALITY AGREEMENT**

I, _____ , hereby acknowledge, agree, and certify under penalty of perjury that:

1.      I have read the Stipulated Protective Order ("Order"), entered in the civil action captioned *Sierra Club v. Bostick.,* Case No. 1:13-cv-1239 KBJ, in the United States District Court for the District of Columbia.

2.      I understand the terms of the Order.

3.      I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies, including damages.

4.      I hereby irrevocably submit to the jurisdiction of the United States District Court for the District of Columbia, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Executed on _____.                                    _____
                                                       [Signature]

                                                       _____
                                                       [Print Name]